# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION
Case No. _____

| | | |
|---|---|---|
| **RAFAEL CASTILLEJOS DE LA CRUZ,** ) | | |
| ) | | |
| *Plaintiff,* ) | | |
| ) | **COMPLAINT** | |
| v. ) | | |
| ) | | |
| **UNC HEALTH CARE SYSTEM,** ) | Jury Trial Demanded | |
| ) | | |
| *Defendant.* ) | | |

Plaintiff Rafael Castillejos de la Cruz ("Rafael" or "Plaintiff"), by and through his undersigned counsel, hereby complains and alleges of Defendant UNC Health Care System ("UNC Health" or "Defendant") as follows:

## PARTIES

1. Plaintiff Rafael Castillejos de la Cruz is a resident of Graham, Alamance County, North Carolina.

2. Defendant UNC Health Care System is a statutorily-created public entity that operates, *inter alia*, UNC Medical Center, a hospital located at 101 Manning Drive, Chapel Hill, NC 27514.

## NATURE OF CLAIMS

3. From approximately December 2023 to December 2024, Plaintiff was employed by Defendant UNC Health Care System, working in the Environmental Services ("EVS") Department of the UNC Medical Center in Chapel Hill, NC.

4. This is a civil rights complaint for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § § 2000e-17; the Civil Rights Act

1

of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § § 621 to 634; and other applicable state and federal law.

5. Defendant acts in a proprietary function in this case.

6. Defendant has waived and is not entitled to sovereign immunity protections in this case, because it is covered by private insurance, as well as for proprietary functions.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1343. This Court has supplemental jurisdiction pursuant to 28. U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

9. Plaintiff has exhausted his administrative remedies at the Equal Employment Opportunity Commission ("EEOC").

10. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the EEOC, alleging, *inter alia*, violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § § 2000e *et seq.* ("Title VII"). Plaintiff's EEOC charge arises out of many of the same facts alleged herein.

11. The EEOC issued Rafael a Notice of Right to Sue on or about December 11, 2025 (the "Right to Sue Notice").

12. A true and accurate copy of the Right to Sue Notice is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

### A.     UNC Medical Center Hires Rafael

2

13. Rafael is a Latino male of Mexican origin, who is over 40 years old.

14. Rafael is a native Spanish-speaker who does not speak fluent English.

15. On or about December 26, 2023, Rafael was hired by UNC Medical Center to work in its Environmental Services ("EVS") Department.

16. The "EVS" Department, also known as "Housekeeping," focuses on maintaining a clean and safe environment for patients and staff, including cleaning patient rooms, medical equipment, and other areas, and utilizing UV cleaning technology for enhanced disinfection.

17. Rafael's primary job responsibilities in the EVS Department at UNC Medical Center included maintenance work and cleaning.

18. At the time, the EVS Department was understaffed, and Rafael performed the work responsibilities of multiple employees.

19. In the EVS Department, Rafael regularly worked beyond his scheduled hours without extra pay.

20. In the EVS Department, Rafael was regularly directed to perform tasks that weren't part of his job responsibilities.

21. Rafael complained about his work conditions to his supervisor Daniella, who, upon information and belief, did not take any remedial action.

22. Rafael's supervisor Daniella told him that Human Resources was on her "side" as an administrator, and that she wouldn't investigate or remediate Rafael's complaints about workplace conditions.

23. Rafael's supervisor Daniella told him that he didn't have workplace rights because he was a Mexican employee.

3

24. Rafael's supervisor Daniella told him that UNC Medical Center didn't want Mexicans working there.

**B.** **Rafael Raises Discrimination Concerns to Hospital Administration**

25. Rafael subsequently brought his concerns about his workplace mistreatment and his supervisor's discriminatory statements to Ana-Elis Perry, MBA, MSHA, FACHE ("Ms. Perry"), a Spanish-speaking Associate Vice President at UNC Medical Center.

26. Ms. Perry told Rafael she would investigate his allegations further.

**C.** **Rafael Transfers to Hospital Valet**

27. In or about July 2024, no longer able to tolerate the workplace mistreatment and discrimination in the EVS Department, Rafael transferred to working for UNC Medical Center's valet, where he parked patients' cars.

28. In the hospital valet, Rafael worked with Marcos Ramos ("Mr. Ramos") and Eric Rodriguez ("Mr. Rodriguez").

29. Mr. Ramos and Mr. Rodriguez, upon information and belief, are less than 40 years old.

30. Mr. Ramos and Mr. Rodriguez displayed a pattern and practice of discrimination toward older Latino workers.

31. Mr. Ramos and/or Mr. Rodriguez regularly yelled at Rafael, but did not similarly yell at younger workers.

32. Mr. Ramos and/or Mr. Rodriguez told Rafael that UNC Medical Center didn't want Mexican workers.

**D.** **Rafael is Retaliatorily Terminated**

33. In early November 2024, Rafael took several days' approved sick leave from work at UNC Medical Center's hospital valet.

4

34. On or about November 5, 2024, Rafael returned to work at UNC Medical Center's hospital valet.

35. When Rafael returned to work on November 5, 2024, his past EVS supervisor Daniella was waiting for him.

36. On November 5, 2024, when Rafael returned to work, Daniella told him, in substance, "Oh no, good luck. You don't need to come back."

37. Rafael was then directed to meet with Human Resources.

38. At this November 5 Human Resources meeting, Rafael voiced his good-faith concerns about the discrimination and hostile work environment he faced working for Defendant.

39. After this November 5 Human Resources meeting, Rafael was left with the overall impression that he was "targeted" for discharge/constructive discharge.

40. Around this time, Rafael remembers fabricated allegations against him that he was not keeping his work area clean, when in fact he performed all his work in a reasonable and diligent manner and always kept his workplace very clean.

41. On or about December 5, 2024, Rafael was suspended from UNC Medical Center, and was required to turn in his keys.

42. On December 5, 2024, Rafael was unnecessarily escorted out of UNC Medical Center by two police officers.

43. Rafael was told not to communicate further with other UNC Medical Center employees.

44. On or about December 31, 2024, Rafael had a final meeting with UNC Medical Center's Human Resources.

45. Rafael's past supervisor Daniella was present at this December 31 meeting.

46. At this December 31 meeting, Defendant terminated Rafael's employment.

5

47. Rafael requested a translator to be present at this December 31 meeting, but was refused.

48. Rafael also requested that his hospital valet supervisor be present at this December 31 meeting, but was refused.

49. At this December 31 meeting, Rafael was presented by Human Resources with a document for signing, which he refused to sign.

50. While working for Defendant, Rafael faced a hostile work environment and discrimination on the basis of race, color, national origin, and age.

51. This hostile work environment and discrimination ultimately led to Rafael's retaliatory discharge/constructive discharge.

## FIRST CLAIM – Discrimination and Retaliation on the Basis of Race, Color, National Origin, and Age (Title VII/ADEA)

52. All paragraphs of this Complaint are incorporated herein by reference.

53. Rafael is a member of a protected class on the basis of race, color, national origin, and age. He is a Latino of Mexican origin who is over 40 years old.

54. Rafael, in all respects, was performing his job in a manner that was consistent with his employer's legitimate business expectations.

55. Defendant discriminated against Rafael as described herein, including but not limited to subjecting him to a hostile work environment and terminating him.

56. Defendant also retaliated against Rafael as described herein.

57. Defendant's actions were taken with a willful and wanton disregard of Rafael's rights under Title VII and/or the ADEA.

6

58. As a direct and proximate result of said unlawful employment practices and in disregard of Rafael's rights and sensibilities, Rafael has suffered humiliation, degradation, emotional distress, and other consequential damages, and lost wages.

### SECOND CLAIM – Discrimination and Retaliation on the Basis of Race (Section 1981)

59. All paragraphs of this Complaint are incorporated herein by reference.

60. Rafael is a member of a protected class on the basis of race. He is Latino.

61. Rafael, in all respects, was performing his job in a manner that was consistent with his employer's legitimate business expectations.

62. Defendant discriminated against Rafael as described herein, including but not limited to subjecting him to a hostile work environment and terminating him.

63. Defendant also retaliated against Rafael as described herein.

64. Defendant's actions were taken with a willful and wanton disregard of Rafael's rights under Title VII.

65. As a direct and proximate result of said unlawful employment practices and in disregard of Rafael's rights and sensibilities, Rafael has suffered humiliation, degradation, emotional distress, and other consequential damages, and lost wages.

### THIRD CLAIM: Wrongful Discharge in Violation of Public Policy (NC State Law)

66. All Paragraphs of the Complaint are incorporated herein by reference.

67. The public policy of North Carolina concerning Equal Employment Opportunity is set out in N.C. Gen. Stat. § 143-422.2, *et seq.*, as follows:

**Article 49A. Equal Employment Practices.**

**§ 143-422.1. Short title.**
This Article shall be known and may be cited as the Equal Employment Practices Act.

7

**§ 143-422.2. Legislative declaration.**
(a) It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.
(b) It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for advancement and development, and substantially and adversely affects the interests of employees, employers, and the public in general.

68. A substantial factor and "but for" cause of Rafael's discharge in this case was his status as a Latino of Mexican origin who is more than 40 years old.

69. A substantial factor and "but for" cause of Rafael's discharge was Rafael's non-fluency in English and native Spanish-speaking status.

70. A substantial factor and "but for" cause of Rafael's discharge was Defendant's inability/refusal to accommodate Spanish-speaking employees.

71. Rafael's December 31, 2024 discharge was in violation of North Carolina's public policy.

72. Rafael has suffered damages in excess of $25,000.00 as a direct and proximate result of his wrongful discharge from Defendant in violation of public policy.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Rafael Castillejos de la Cruz respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff, and against the Defendant, for violation of Plaintiff's rights under Title VII, the ADEA, and Section 1981; and

B. Declare that the actions of the Defendant constituted unlawful discrimination; and

C. Award Plaintiff compensatory damages, including but not limited to lost wages and benefits, in such amount as will reasonably compensate him for his losses, damages, and emotional distress; and

D. Award Plaintiff punitive damages in such amount as the Court deems proper; and

8

E.  Award Plaintiff his costs, attorneys' fees, and non-taxable expenses in this action; and

F.  Grant Plaintiff such other and further relief as the Court deems equitable and just in law and/or equity.

## JURY DEMAND

Plaintiff Rafael Castillejos de la Cruz hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted, this the 11th day of March, 2026.

Peter D. Isakoff
N.C. State Bar No.: 45043
*Attorney for Plaintiff*
**THE LAW OFFICES OF PETER D. ISAKOFF**
109 Westchester
Williamsburg, VA 23188
(757) 478-3144
peter@isakofflawoffices.com

9

# Exhibits



EXHIBIT

A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSIO

**Raleigh Area Office**
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
(984) 275-4800
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/11/2025

**To:** Mr. Rafael Castillo de la Cruz
1005 E Harden Street
Graham, NC 27253
Charge No: 433-2025-02501

EEOC Representative and email:  ARELY FUTRELL
INVESTIGATOR
ARELY.FUTRELL@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 433-2025-02501.

On behalf of the Commission,

**Stephen Karanja**
Digitally signed by Stephen Karanja
Date: 2025.12.11 08:33:27 -05'00'

For/Johnnie Barrett
Area Office Director

Cc:
Taylor Roberts
Taylor.roberts@unchealth.unc.edu

Jenna Borders
UNC Health
101 manning dr bldg 2
Chapel Hill, NC 27514

Hannah L Neighbors
Wyrick Robbins Yates & Ponton LLP
4101 Lake Boone Trail
Raleigh, NC 27607

Incident Location
UNC Medical Center, Environmental Services (EVS)
101 Manning Drive
Chapel Hill, NC 27514

Peter D Isakoff Esq.
The Law Offices of Peter D. Isakoff
109 Westchester
Williamsburg, VA 23188


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 433-2025-02501 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 433-2025-02501 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.